1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ROBERT LOTHROP,                         No. CIV S-04-1823-CMK

12              Plaintiff,

13        vs.                          MEMORANDUM OPINION AND ORDER

14  JO ANNE B. BARNHART,
    Commissioner of Social Security,

15
                Defendant.
16
    _____/
17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19  review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §

20  405(g). Pursuant to the consent of the parties, this case is before the undersigned for final

21  decision on plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for

22  summary judgment (Doc. 17).

23  / / /

24  / / /

25  / / /

26  / / /

1

# I.  BACKGROUND

Plaintiff applied for supplemental security income ("SSI") benefits on August 14, 2001, based on disability.  In his applications, plaintiff claims that his impairment began on March 1, 1999.  Plaintiff claims his disability consists of a combination of poor concentration, depression, and blurry vision.   Plaintiff is a United States citizen born May 24, 1949, with an eleventh-grade education.

## A.    Summary of the Evidence

In a disability report submitted with his SSI application, plaintiff stated that he cannot concentrate on his jobs or instructions.  The interviewer who took plaintiff's disability report indicated that plaintiff smelled of alcohol and couldn't remember his mother's address.

On an April 27, 2003, disability questionnaire, Plaintiff stated he is homeless.[1] Plaintiff stated that during the day he goes to the park, library, and a place he called "Leaves & Fishes" for fast food.  Plaintiff stated he sleeps four to five hours a night and has trouble falling asleep.  Plaintiff also stated he goes shopping for basic needs and food items every two to three days and does not need help, and that he does his own laundry.  Finally, plaintiff stated he reads about ten hours per week and listens to the radio six hours per day, but has trouble with recall and trouble with "memory lapses" during shopping for groceries.

The record contains the report of a psychological evaluation performed by Frank D. Weber, Ph.D., on October 23, 2001, at the request of the Department of Social Services. Plaintiff stated on an information form that he smelled of alcohol, had poor concentration, depression, and blurry vision.  Plaintiff stated he had a lot of conduct problems in school and that he was a poor student.  As to drug use, plaintiff reported that he "did everything except heroin" for the past 13 years.  As to alcohol use, plaintiff also stated that he drinks 3 40-oz. bottles of

---

[1]    On a February 12, 2002, Social Security Administration reconsideration disability report, plaintiff stated he has been homeless for the past 13 years.  Plaintiff, therefore, became homeless in 1989.

1   malt liquor per day and has done so for the past 30 years.  Plaintiff denied current suicidal

2   ideation.  Dr. Weber noted that plaintiff's psychiatric history is remarkable for alcohol and drug

3   abuse.  Dr. Weber observed that plaintiff smelled strongly of body odor and was poorly groomed

4   and had poor concentration.

5          Dr. Weber assessed plaintiff's functioning in the extremely low range, with a Full

6   Scale IQ of 67, a Verbal IQ of 77, and a Performance IQ of 70.  In his report, Dr. Weber

7   diagnosed alcohol dependence and alcohol withdrawal, ruled out dementia and cognitive

8   disorder, and reached the following conclusions:

9          1.   Plaintiff's ability to understand, remember, and carry out simple
               instructions, as well as respond appropriately to usual work situations,
10              deal with changes in a routine work setting, is moderately to markedly
               impaired by his memory and concentration problems;

11
           2.   Plaintiff's ability to respond appropriately to co-workers, supervisors, and
12              the public is slightly to moderately impaired by his memory and
               concentration problems;

13
           3.   Plaintiff's memory, concentration, and alcohol abuse slightly to
14              moderately impair his ability to interact with others in socially acceptable
               ways;

15
           4.   It is difficult to determine if plaintiff's disabilities are due to organic
16              impairments or are the result of his being in active alcohol withdrawal at
               the time of testing;

17
           5.   To the extent plaintiff's disabilities are due to organic impairments, it is
18              uncertain whether such impairments are due to long-term alcohol abuse or
               a head injury sustained in 1987; and

19
           6.   Further testing after a period of sobriety is needed.
20

21          The record also contains documents from Veterans Administration Medical

22   Center, Sacramento, dated July 7, 2000.  Clinical Nurse Specialist Roberta Zind, R.N., observed

23   on triage notes that plaintiff said he wanted Zoloft because he gets depressed.  Plaintiff was then

24   seen by psychiatrist Peter Van Auken, M.D.  Plaintiff reported to Dr. Van Auken that, when he's

25   talking to somebody in a stressful situation (during an interview, for instance) he sees them in

26   "3-D."  Plaintiff explained this to mean that he sees their lips move, but he can't understand what

1  they are saying.  Dr. Van Auken noted alcohol dependence in early remission, mood disorder

2  incident to alcohol abuse, and suspected mild organic impairment.

3      **B.      Procedural History**

4          Plaintiff's claims were initially denied.  Following denial of his request for

5  reconsideration, plaintiff requested an administrative hearing, which was held on June 27, 2003,

6  before Administrative Law Judge ("ALJ") Mark C. Ramsey.

7          At the hearing, plaintiff stated he wished to proceed without representation.

8  Plaintiff testified his birthday is May 23, 1949.[2]  Plaintiff also testified that he drinks a 40-oz.

9  beer once a week.  Plaintiff testified that he has emotional problems, that he can't concentrate,

10  and that he forgets when reading.  Plaintiff testified he participated in a program called

11  "Genesis" where he was prescribed Zoloft for about a year, but that he stopped taking it because

12  it didn't seem to help.

13          In his January 26, 2004, decision, the ALJ made the following findings:

14      1.    The claimant has not engaged in substantial gainful activity since the
              alleged onset of disability;

15

16      2.    The claimant's alcohol dependence, mood disorder, and cognitive disorder
              are considered severe based on the requirements in the Regulations;

17      3.    The claimant's cognitive disorder and depression with the presence of
              alcohol or drug abuse meets section 2.09 of the impairments listed in

18            Appendix 1, Subpart P, Regulation No. 4; the claimant has Hepatitis C,
              left shoulder impingement syndrome, and left thumb degenerative changes

19            that are not severe under the Regulations;

20      4.    Absent alcohol and drug abuse, the claimant's medically determinable
              impairments do not meet or medically equal one of the listed impairments

21            in Appendix 1, Subpart P, Regulation No. 4;

22      5.    The claimant's allegations regarding his limitations absent alcohol and
              drug abuse are not totally credible for the reasons set forth in the body of

23            the decision;

24  / / /

25
        [2]    This is inconsistent with his SSI application, on which he stated his birthday was
26  May 24th.

4

6.  Absent alcohol and drug abuse, the claimant retains the residual functional capacity to perform work at all exertional levels, reduced by mental limitations that preclude working with more than simple and repetitive tasks and preclude working in an environment with more than occasional contact with others;

7.  The claimant has no past relevant work experience;

8.  The claimant is an individual closely approaching advanced age;

9.  The claimant has a limited education;

10. The claimant has no exertional limitations;

11. Based on Social Security Rulings 83-10 and 85-10, and considering the range of work at all levels that the claimant is still functionally capable of performing absent alcohol and drug abuse, in combination with his age, education, and work experience, he is able to make a successful adjustment to work that exists in significant numbers in the national economy; a finding of "not disabled" is therefore reached under the framework of Rule 204.00 of the Medical-Vocational Guidelines, Appendix 2, Subpart P, Regulation No. 4;

12. The claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision; and

13. Alcohol and drug abuse is a contributing factor material in the determination of disability.

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to SSI benefits. After the Appeals Council declined review on June 21, 2004, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a

1    whole, including both the evidence that supports and detracts from the Commissioner's

2    conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th

3    Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the

4    Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See

5    Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

6    administrative findings, or if there is conflicting evidence supporting a particular finding, the

7    finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th

8    Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation,

9    one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas

10   v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

11   standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338

12   (9th Cir. 1988).

13

14                              **III.  DISCUSSION**

15            In his motion for summary judgment, plaintiff argues that the ALJ failed to

16   develop the record with respect to possible organic brain problems.  In particular, plaintiff argues

17   that, while the ALJ noted the concerns expressed by Dr. Weber and Dr. Van Auken regarding

18   plaintiff's alcohol abuse, the ALJ failed to also note the same doctors' concerns regarding a

19   potential organic problem.  Plaintiff also argues that the ALJ failed to adequately develop the

20   record by failing to heed the recommendation that further testing would be required after a

21   period of sobriety.

22            In addressing this argument, the court takes note of what plaintiff is not arguing.

23   In particular, plaintiff does not challenge the ALJ's finding that alcohol and drug abuse was a

24   material factor in the determination of disability.  The law is clear that a claimant will not be

25   entitled to benefits if such abuse is a material factor.  See 42 U.S.C. § 423(d)(2)(C).  Therefore,

26   even assuming that there are records in existence which support a conclusion that plaintiff had

1   organic problems and that those problems were severe, given plaintiff's alcohol and drug abuse,

2   he would still not be entitled to benefits.

3          Moreover, the ALJ's specific findings belie plaintiff's argument.  Specifically, the

4   ALJ concluded that plaintiff's mood disorder and cognitive disorder are in fact severe.  In

5   addition, the ALJ found that, absent alcohol and drug abuse, plaintiff's residual functional

6   capacity would nonetheless still be limited by mental limitations.  From this, it is clear that the

7   record was adequately developed with respect to plaintiff's mental problems.

8

9                          **IV.  CONCLUSION**

10         Based on the foregoing, the court concludes that the Commissioner's final

11   decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS

12   HEREBY ORDERED that:

13             1.     Plaintiff's motion for summary judgment is denied;

14             2.     Defendant's cross-motion for summary judgment is granted; and

15             3.     The Clerk of the Court is directed to enter judgment and close this file.

16

17   DATED:   February 28, 2006.

18

19                                              _____
                                                **CRAIG M. KELLISON**
20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26